IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD F. HART and**
**LILA N. HART,**

      **Plaintiffs,**

**v.**                //     CIVIL ACTION NO. 1:07CV52
                                 (Judge Keeley)

**SHERIFF TED MASTON, Pleasants**
**County Sheriff's Department,**
**SGT. C.E. TEMPLETON, Pleasants**
**County Sheriff's Department,**
**WILLIAM STULL, St. Mary's**
**Police Department, THE CITY OF**
**ST. MARY'S, and COUNTY COMMISSION**
**OF PLEASANT'S COUNTY, WEST**
**VIRGINIA, Shirley Roby, Clerk.**

      **Defendants.**

**ORDER DENYING DEFENDANT CITY OF ST. MARY'S MOTION**
**FOR JOINDER IN THE PLEASANTS COUNTY SHERIFF'S**
**DEPARTMENT'S MOTION TO DISMISS FOR FAILURE TO**
**STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

On January 2, 2008, defendant The City of St. Mary's ("St. Mary's") filed a motion for "Joinder in the Pleasants County Sheriff's Department's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted" (dkt. no. 21). In this motion, St. Mary's states that it agrees with the reasoning set forth by former defendant Pleasants County Sheriff's Department ("Sheriff's Dept.") in its motion to dismiss. St. Mary's then asks the Court to dismiss it from this case for the same reasons, specifically that it is not a "person" under 42 U.S.C. § 1983, and

thus the plaintiffs, Richard and Lila Hart ("Hart"), have failed to state a claim upon which relief may be granted.

At the outset, the Court notes that it granted the Sheriff's Dept.'s motion, which St. Mary's now seeks to join, at a scheduling conference on December 19, 2007. Hart conceded at that hearing that a sheriff's department is not a legal entity, and, therefore, not a "person" that may be sued under 42 U.S.C. § 1983.

Unlike a sheriff's department, a city or municipality is a legal entity that can be considered a "person" subject to suit under 42 U.S.C. § 1983. Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978). In the seminal case on this issue, the United States Supreme Court stated:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision making channels.

Id., at 690-91. Thus, if a plaintiff alleges that the policies or customs of a municipality led to the deprivation of a

2

constitutional right, that entity may properly be sued under 42 U.S.C. § 1983.

In this case, Hart alleges that the constitutional violations at issue were a direct result of customs, practices and policies of St. Mary's. Thus, the Court finds that St. Mary's is proper party to this suit under 42 U.S.C. § 1983.

Accordingly, the Court **DENIES** St. Mary's motion for joinder (dkt. no. 21).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: January 31, 2008.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE