# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD F. HART and
LILA N. HART,

        Plaintiffs,

v.                         //    CIVIL ACTION NO. 1:07CV52
                                     (Judge Keeley)

SHERIFF TED MASTON, Pleasants
County Sheriff's Department,
SGT. C.E. TEMPLETON, Pleasants
County Sheriff's Department,
WILLIAM STULL, St. Mary's
Police Department, THE CITY OF
ST. MARY'S, and COUNTY COMMISSION
OF PLEASANT'S COUNTY, WEST
VIRGINIA, Shirley Roby, Clerk.

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the motion to dismiss Counts Four and Five of the Complaint (dkt. no. 6) filed by defendants Sheriff Ted Maston ("Maston") and Sgt. C. E. Templeton ("Templeton"). Maston and Templeton have also filed a "Motion to Withdraw the Motion to Dismiss Count Five of Plaintiffs' Original Complaint" (dkt. no. 26), and Defendants William Stull ("Stull") and the City of St. Mary's ("St. Mary's") have moved to join in Maston and Templeton's Motion to Dismiss Counts Four and Five (dkt. no. 22). For the reasons that follow, the Court **GRANTS** the motion to withdraw the motion to dismiss Count Five, **GRANTS** Stull's and St.

**MEMORANDUM OPINION AND ORDER**

Mary's motion to join in Maston and Templeton's motion to dismiss, and **GRANTS** the motion to dismiss Count Four of the Complaint.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Richard Hart ("Hart") filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that, on April 15, 2005, he was wrongfully arrested and physically assaulted in violation of his constitutional rights.  Hart asserts that, on April 15th, he had parked a truck with an attached trailer in his driveway at 64 Ridgeview Drive, near the City of St. Mary's, in Pleasants County, West Virginia.  He contends that Maston and Templeton, both of whom are employed by the Pleasants County Sheriff's Department, and Stull, who is the Chief of Police for the St. Mary's Police Department, later arrived at his residence and informed him that he had to move his vehicle.  Hart states that he responded to this request by informing the officers that he had called the West Virginia State Police and would move the vehicle once the state police arrived.

Accordingly to Hart, when he refused to immediately move his vehicle he was placed under arrest for "obstructing an officer and refusing to move his vehicle."  During the arrest, he was forced to the floor of his porch, dragged from the porch by the officers, and then handcuffed and chained.  He further contends, somewhat

contradictorily, that, at the time force was used against him, he was already handcuffed and posed no immediate threat to the police officers or to anyone else.  As a result of this incident, Hart suffered bruising and scratches to his legs, wrists and back, and received treatment for these injuries at Quick Care in Parkersburg, West Virginia.

In his original Complaint, which he filed on April 13, 2007, Hart alleged constitutional violations pursuant to 42 U.S.C. § 1983, as well as tort claims for assault and battery and intentional infliction of emotional distress.  Hart's wife, Lila Hart, joined him as a plaintiff, alleging loss of consortium.  In addition to naming Maston, Templeton and Stull as defendants, Hart also sued the City of St. Mary's and the Pleasants County Sheriff's Department ("Sheriff's Department").

The Sheriff's Department filed a motion to dismiss on the basis that it is not a "person" that may be sued under 42 U.S.C. § 1983.  Defendants Maston and Templeton moved to dismiss Counts Four and Five of the Complaint. Count Four alleged intentional infliction of emotional distress by Defendants Maston, Templeton and Stull, and Count Five alleged false imprisonment.  At a hearing on December 19, 2007, the Court granted the motion of the Sheriff's Department and dismissed it from the case.  However, it held Maston

and Templeton's motion to dismiss in abeyance until the parties filed supplemental briefs.  In addition, the Court permitted Hart to file an Amended Complaint.

On December 28, 2007, Hart amended his complaint, adding the County Commission of Pleasants County, West Virginia ("County Commission") as a defendant, and removing the claim for false imprisonment contained in the original Count Five.  On January 4, 2008, Hart and Maston filed a supplemental memorandum supporting their motion to dismiss Counts Four and Five.  Several days later, Stull and St. Mary's moved to join in Maston and Templeton's motion to dismiss.  Finally, on January 10, 2008, after Hart had removed the claim for false imprisonment from his Amended Complaint, Maston and Templeton moved to withdraw their motion to dismiss Count Five as moot.

For good cause shown, the Court **GRANTS** Maston and Templeton's motion to withdraw (dkt. no. 26), and **GRANTS** the motion of Stull and St. Mary's to join in Maston and Templeton's motion to dismiss (dkt. no. 22).  In doing so, it draws the parties' notice to the fact that only Stull, and not St. Mary's, is named in Count Four, which is now the only remaining count at issue in the pending motion to dismiss.

**MEMORANDUM OPINION AND ORDER**

The Court now turns to the defendants' motion to dismiss Count Four of the Amended Complaint as it pertains to Maston, Templeton and Stull.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In reviewing the sufficiency of a such a claim, a district court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, --- U.S. ----, 127 S.Ct. 2197, 2200 (2007)) (internal quotations omitted). Thus, the Court's review is a limited one:

> The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, (1982).

Although a complaint need not set forth detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

_____

conclusions, and a formulaic recitation of the elements of a cause

of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, --- U.S. ----,

127 S.Ct. 1955, 1964-65 (2007) (internal quotations omitted).

Indeed, courts "are not bound to accept as true a legal conclusion

couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265,

286 (1986). In determining whether a plaintiff's factual

allegations are sufficient, the Fourth Circuit has recognized the

recent holding of the United States Supreme Court that "a complaint

must contain 'enough facts to state a claim to relief that is

plausible on its face.'" <u>Anderson</u>, 508 F.3d at 188 (<u>quoting</u>

<u>Twombly</u>, 127 S.Ct. at 1974).

### III. DISCUSSION

In Count Four of the Amended Complaint, Hart asserts that the

conduct of Maston, Templeton and Stull was extreme and outrageous,

and exceeded all bounds of decency. He further states that these

defendants knew, or should of known, that their behavior would

cause him extreme emotional distress. Finally, he asserts that, as

a direct and proximate result of this conduct, he did experience

extreme emotional distress that a reasonable person would be unable

to endure.

Maston, Templeton and Stull contend that, as a matter of law,

the allegations in Hart's Amended Complaint do not rise to the

level of extreme and outrageous conduct required for a successful

claim of intentional infliction of emotional distress, and,

therefore, should be dismissed.[1]

In West Virginia, a plaintiff may prevail on a claim for

damages under the tort of intentional or reckless infliction of

emotional distress, sometimes called the "tort of outrage," if he

provides sufficient evidence of four elements:

> (1) that the defendant's conduct was atrocious,
> intolerable, and so extreme and outrageous as to exceed
> the bounds of decency; (2) that the defendant acted with
> the intent to inflict emotional distress, or acted
> recklessly when it was certain or substantially certain
> emotional distress would result from his conduct; (3)
> that the actions of the defendant caused the plaintiff to
> suffer emotional distress; and, (4) that the emotional
> distress suffered by the plaintiff was so severe that no
> reasonable person could be expected to endure it.

Syl. Pt. 3, Travis v. Alcon Laboratories, 504 S.E.2d 419 (1998).

The West Virginia Supreme Court of Appeals has held that, in order

to meet this standard, the conduct at issue must be "so outrageous

---

[1]      The Court notes that, in their original motion to
dismiss, Maston and Templeton proffered that Hart was convicted on
July 21, 2006 of obstructing an officer, the charge underlying
Hart's arrest, and thus, that Hart's arrest was clearly lawful.
Hart responded that his conviction is currently on appeal and
argued that granting a motion based on the conviction would be
premature at this time.  Hart further asserted that, in weighing a
Rule 12(b)(6) motion, a Court should look only to the pleadings,
and not extraneous documents.  The Court agrees that considering
such documents would necessarily involve weighing the evidence,
which is inappropriate at this early stage of the litigation.

in character, and so extreme in degree, as to go beyond all
possible bounds of decency, and to be regarded as atrocious, and
utterly intolerable in a civilized community." <u>Tanner v. Rite Aid
of West Virginia, Inc.</u>, 461 S.E.2d 149, 157 (1995) (<u>quoting</u>
Restatement (Second) of Torts § 46(1) Comment (d) (1965)).

Unlike claims of <u>negligent</u> infliction of emotional distress,
from which employees of political subdivisions are exempted
pursuant to West Virginia Code § 29-12A-5(b), it is possible to
bring a claim of <u>intentional</u> infliction of emotional distress
against a law enforcement officer for conduct that occurs during an
arrest.  <u>See</u> <u>Bennett v. Booth</u>, 2005 WL 2211371, at *7 (S.D.W.Va.
Sept. 9, 2005).  Thus, Hart may pursue a claim for intentional
infliction of emotional distress against Maston, Templeton and
Stull only if his Amended Complaint contains "enough facts to state
a claim to relief that is plausible on its face."  <u>Twombly</u>, 127
S.Ct. at 1974.

To establish the first element of a claim of intentional
infliction of emotional distress, Hart must allege extreme and
outrageous conduct on the part of the defendants.  According to
Hart, the law enforcement officer defendants, operating within
their jurisdiction, ordered him to move his vehicle.  He admits
that he refused to comply with this order and was arrested for

obstructing an officer.  He asserts that he did not resist during

the arrest, but nevertheless was forced to the ground and dragged

from his porch, acts which bruised and scratched various parts of

his body.  While the Court has significant doubts that these acts

could rise to the level of being "atrocious, intolerable, and so

extreme and outrageous as to exceed the bounds of decency," Travis,

504 S.E.2d at 425, the Court concedes that Hart has alleged facts

as to this first element which arguably meet the low threshold at

the 12(b)(6) stage.

Even if Hart's Amended Complaint alleges sufficient facts to

meet the first element of his claim, however, it fails to allege

any facts indicating that he sustained the type of injuries

required to assert a claim of intentional infliction of emotional

distress.  The fourth element of such claim requires that "the

emotional distress suffered by the plaintiff was so severe that no

reasonable person could be expected to endure it."  Travis, 504

S.E.2d at 425.  Although Hart states in a conclusory fashion that

he suffered extreme emotional distress that no reasonable person

could endure, he provides no facts describing such distress, any

treatment, or the impact such suffering has had on his life.

Indeed, Hart's Amended Complaint fails to state "more than labels

and conclusions," and, in fact, merely provides "a formulaic

recitation of the elements of a cause of action." See Twombly, 127 S.Ct. at 1964-65.[2]

In Lewis v. First National Bank of Stuart, 1987 WL 37397 *1 (4th Cir. May 8, 1987), the Fourth Circuit found that a district court in Virginia correctly dismissed a plaintiff's claim for intentional infliction of emotional distress on the basis that she had failed to identify evidence showing intentional infliction of emotional distress.[3]  The plaintiff, Lewis, sued her lending institution for maliciously initiating criminal proceedings against her and intentionally inflicting emotional distress upon her. Id. at *1.  Specifically, the bank had her arrested twice from her place of employment, which resulted in sixteen days of incarceration and the loss of her job.  Id.  Even though the charges leading to the arrests were later dismissed, the Court of Appeals concluded that such injuries are "merely the unpleasant

---

[2]    The Court notes that Hart filed his Amended Complaint  on December 28, 2007, more than seven months after Twombly was decided, and more than a month after the Fourth Circuit issued Anderson, interpreting Twombly. Accordingly, Hart had fair notice and opportunity to meet the slightly heightened pleading requirements set forth in those cases.

[3]    Although Lewis arose in Virginia, that state's law mirrors West Virginia's law with respect to claims for intentional infliction of emotional distress, including the rule that "liability arises only when the distress inflicted is so severe that no reasonable person could be expected to endure it." Russo v. White, 400 S.E.2d 160, 163 (Va. 1991).

consequences of being arrested, and that they do not by themselves

show that Lewis suffered severe emotional distress." <u>Id.</u> at *3.

In this case, not only has Hart failed to allege any symptoms

of emotional distress, even the injuries he does allege are <u>de

minimus</u>.  At worst, he suffered scratches and bruises, as well as

the temporary detainment associated with an arrest.  Hart provides

no information indicating that he has suffered enduring physical,

mental or emotional injuries.  Given that the plaintiff in <u>Lewis</u>,

who was wrongfully arrested twice at her place of business, lost

her job, and was incarcerated, did not allege sufficiently severe

injuries to maintain her claim for intentional infliction of

emotional distress, Hart, who has alleged no emotional injuries and

only minor physical injuries, cannot state a claim to relief that

is plausible on its face. <u>See</u> <u>Twombly</u>, 127 S.Ct. at 1974.

Accordingly, the Court **GRANTS** Maston, Templeton and Stull's motion

to dismiss Count Four of the Amended Complaint.

### IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Maston and

Templeton's "Motion to Withdraw the Motion to Dismiss Count Five of

Plaintiff's Original Complaint" (dkt. no. 26)**,** **GRANTS** Stull and St.

Mary's Motion for Joinder in Maston and Templeton's motion to

dismiss (dkt. no. 22), and **GRANTS** Maston and Templeton and Stull's

motion to dismiss (dkt. no. 6) as it pertains to Count IV of the
Amended Complaint.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to
counsel of record.

DATED: March 6, 2008.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE